IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **No. 18-cr-524** |
| | : | |
| **VICTOR CLAYTON** | : | |
| | : | |

**MEMORANDUM**

**KENNEY, J.**                                                    **March 18, 2026**

Before the Court is Defendant Victor Clayton's *pro se* Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2255 (ECF No. 284, the "Petition"). In 2021, Clayton pled guilty to two

counts of sex trafficking and attempted sex trafficking of a minor. ECF Nos. 176, 182. In 2022, he

was sentenced by Judge Surrick to fifteen years' imprisonment and ten years of supervised release,

in accordance with his plea agreement. ECF Nos. 231, 177. Following a failed appeal of his

amended judgment to the Third Circuit, Clayton filed the instant Petition in 2025. For the foregoing

reasons, the Petition (ECF No. 284) will be denied.

**I.      BACKGROUND**

On November 15, 2018, a federal grand jury returned an indictment charging Defendant

Victor Clayton with two counts of sex trafficking and attempted sex trafficking of a minor, in

violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a). ECF No. 1. According to the indictment, in

February and March of 2018, Clayton recruited two minors—aged 16 and 15—and harbored them

in various hotels in Philadelphia, Pennsylvania and Dunn, North Carolina for the purpose of

causing the minors to engage in commercial sex acts. *Id.*; ECF No. 182 at 15–17. Clayton moved

1

to dismiss the indictment on November 19, 2020 for failure to state an offense, ECF No. 90, and Judge Surrick denied the motion to dismiss on November 9, 2021, ECF No. 154.

Trial in this case began on November 15, 2021, with Clayton proceeding *pro se* during voir dire and opening statements. ECF Nos. 170, 175. The next day, Judge Surrick granted Clayton's request to permit standby counsel to represent him. ECF No. 184 at 40–41. Following the testimony of two of the government's witnesses, the Court recessed, during which time Defendant's counsel informed Judge Surrick that Clayton wished to enter a plea of guilty pursuant to a written plea agreement. *Id.* at 84–85; ECF No. 182 at 2; ECF No. 202 at 3. Judge Surrick then conducted a thorough colloquy and Defendant pled guilty to two counts each of sex trafficking and attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591 and 1594(a). ECF No. 182 at 20. The plea agreement stipulated that Defendant would be sentenced to a term of imprisonment of fifteen years followed by ten years of supervised release. ECF No. 177 at 1.

On December 23, 2021, Clayton moved to withdraw his guilty plea. ECF No. 181. Judge Surrick denied the motion on July 8, 2022, ECF No. 203, and also denied Clayton's subsequent motion for reconsideration of the denial on September 15, 2022, ECF No. 219. On September 28, 2022, Judge Surrick sentenced Clayton to fifteen years' imprisonment, ten years of supervised release, and a $200 special assessment, as stipulated in the plea agreement. ECF Nos. 231, 177. The judgment was later amended to order restitution in the amount of $3,600. ECF No. 274. Defendant, through counsel, appealed the amended judgment, ECF No. 275, which the Third Circuit affirmed in full, *United States v. Clayton*, Nos. 22-2908, 23-2500, 2024 WL 4371532, at *3 (3d Cir. Oct. 2, 2024).

Clayton filed the instant *pro se* Petition on April 8, 2025. ECF No. 284. The government filed its response opposing the Petition on October 29, 2025. ECF No. 291. On November 6, 2025,

the above-captioned case was reassigned from Judge Surrick to this Court. ECF No. 292. On November 14, 2025, Clayton filed a reply to the government's response. ECF No. 294. Accordingly, the Petition is ripe for adjudication.

## II.    LEGAL STANDARD

An inmate in federal custody may challenge the validity of his sentence under 28 U.S.C. § 2255 by filing a petition for a writ of habeas corpus. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Pursuant to 28 U.S.C. § 2255, a court may "vacate, set aside or correct" a sentence that "(1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court lacking jurisdiction; (3) was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack." *United States v. Small*, 747 F. Supp. 3d 817, 821 (E.D. Pa. 2024) (citing 28 U.S.C. § 2255(a)). "A section 2255 petition is not a substitute for an appeal, nor may it be used to relitigate matters decided adversely on appeal." *Gov't of V.I. v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (citations omitted).

The court accepts the truth of the petitioner's allegations when reviewing a § 2255 motion unless those allegations are "clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). A prisoner's *pro se* habeas petition should be construed liberally. *See Lewis v. Attorney General of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record." *See United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546) (alteration in original). However, bald assertions and conclusory allegations do not provide sufficient grounds to require an evidentiary hearing. *United States v. Donahue*, 792 F. App'x 165, 168 (3d Cir. 2019).

Claims for ineffective assistance of counsel are governed by the two-pronged standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (acknowledging that *Strickland* governs claims for ineffective assistance of counsel). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness" such that petitioner was effectively denied "counsel" as guaranteed by the Sixth Amendment, with reasonableness being judged by the professional norms prevailing at the time that counsel rendered assistance. *Strickland*, 466 U.S. at 688, 690. In evaluating the reasonableness of counsel's performance, courts "must be highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Under the second *Strickland* prong, a petitioner must demonstrate that counsel's errors were prejudicial—that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of guilty pleas, in order to satisfy the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III.    DISCUSSION

In his Petition, Defendant brings six separate claims for ineffective assistance of appellate counsel. Upon a rigorous review of the record, the Court finds that none of Defendant's claims have merit because counsel's representation on appeal was reasonable and any failure to raise issues that Defendant would have preferred to have raised on appeal did not prejudice the outcome of Defendant's appeal since the issues he wanted raised lack merit. Because the record is clear on

4

the facts pertaining to the issues that Defendant raises in his Petition, an evidentiary hearing is not necessary here. For the reasons discussed below, the Court will deny Defendant's Petition.

### A. Defendant Pled Guilty to Sex Trafficking and Attempted Sex Trafficking

First, Defendant argues that his appellate counsel, Luis A. Ortiz and Caroline A. Goldner Cinquanto, failed to raise an objection on appeal that the government breached the plea agreement by insisting that Defendant agreed to plead guilty to both sex trafficking and attempted sex trafficking when Defendant only agreed to plead guilty to attempted sex trafficking. ECF No. 284 at 5–9. This is not the first time that Clayton has raised this argument. In his *pro se* Motion for Reconsideration Denying the Motion to Withdraw the Plea Agreement, Clayton "assert[ed] that he agreed to plea to attempted sex trafficking Count[] One and Count Two, and not sex trafficking Count One and Count Two." ECF No. 206 at 7; *see also* ECF No. 250 at 15–17 (raising this same issue at the sentencing hearing). Notably, though, Clayton did not make this claim in his initial *pro se* Motion to Withdraw the Guilty Plea, *see* ECF No. 181, bringing this allegation only after Judge Surrick denied his Motion to Withdraw the Guilty Plea, ECF No. 202. Now, in his Petition, Defendant repeats his assertion that he agreed to plead guilty to only attempted sex trafficking and not sex trafficking. ECF No. 284 at 5–9.

In his Order denying Defendant's Motion for Reconsideration Denying the Motion to Withdraw the Plea Agreement, Judge Surrick addressed and rejected Defendant's argument that he had only intended to plead guilty to attempted sex trafficking, stating:

> Defendant complains that he was never told to which charge he entered the plea of guilty. This is false. The Court verbally confirmed the charges to which he pled guilty with Defendant (ECF No. 182, 20), and the charges were specified in his guilty plea agreement (ECF No. 177 ¶ 1).

ECF No. 219 at 2 n.1. Likewise, this Court finds that Defendant's contention that he did not know he was pleading guilty to both attempted sex trafficking and sex trafficking is without merit and

belied by the record. In his Petition, Defendant argues that his intention to plead guilty to only attempted sex trafficking is reflected in paragraph one of the guilty plea agreement, which states: "The defendant agrees to plead guilty to Counts One and Two of the Indictment, each charging him with attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a) . . . ." ECF No. 177 at 1. However, the two criminal statutes cited in that paragraph cover both the crime of sex trafficking, 18 U.S.C. § 1591, and the crime of attempted sex trafficking, 18 U.S.C. § 1594(a), which is "punishable in the same manner as a completed violation of" § 1591. 18 U.S.C. § 1594(a).

In any case, insofar as the first paragraph of the plea agreement may be ambiguous as to which offense Defendant was entering a guilty plea for, *see* ECF No. 291 at 4, the plea agreement makes it clear in a subsequent paragraph that Clayton is pleading guilty to both sex trafficking and attempted sex trafficking: "The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum and mandatory minimum sentences apply to the Counts charged in the Indictment: Counts One and Two (sex trafficking ***and*** attempted sex trafficking of a minor) . . . ." ECF No. 177 at 2 (emphasis added). Thus, Clayton pled guilty to both sex trafficking and attempted sex trafficking pursuant to the guilty plea agreement he signed. Further, at Defendant's change of plea hearing, Judge Surrick and the government clarified that Clayton was pleading guilty to two criminal charges. First, Judge Surrick confirmed that Clayton read and understood the plea agreement before he signed it:

> THE COURT: Now, Mr. Clayton, did you read [the plea agreement] before you signed it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You went over it with your attorney before you signed it?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Did you understand each and every paragraph of it before you signed it?

THE DEFENDANT: Yes.

THE COURT: Did you sign it of your own free will?

THE DEFENDANT: Yes.

ECF No. 182 at 4–5.

Later during the hearing, assistant U.S. attorney Michelle Morgan recited the elements for the two offenses, sex trafficking and attempted sex trafficking:

MS. MORGAN: Your Honor, may I read the elements of the offenses? . . .

[. . .]

MS. MORGAN: Your Honor, under Title U.S. Code § 1591, sex trafficking of a minor, the elements are first, that the defendant either knowingly transported, or recruited, or enticed, or harbored, or provided, or obtained, or maintained a person by any means; second, that the defendant knew or recklessly disregarded the fact that the person had not obtained the age of 18 years and would be caused to engage in a commercial sex act; and third, that the defendant's conduct was in or affecting interstate or foreign commerce.

And the Government has *also* charged ***attempted sex trafficking*** with regards to Counts 1 and 2. . . . As Your Honor knows, we have charged two separate counts of sex trafficking *and* attempted sex trafficking.

*Id.* at 14–15 (emphases added). The record is clear that Clayton was well aware that he was pleading guilty to both sex trafficking and attempted sex trafficking, despite his attempts to aver otherwise now. In his Petition, Clayton alleges that his attorneys advised him that the plea agreement "afforded [him] the benefit of pleading guilty to the lesser inchoate offense of attempt." ECF No. 284 at 5. Even if Clayton's attorneys had mistakenly advised him that he was pleading

7

guilty to only attempted sex trafficking, Clayton is still not entitled to relief on this ground because "any erroneous . . . information allegedly provided by defense counsel was corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated" the two offenses to which Clayton was entering a guilty plea for. *United States v. Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007). Therefore, any ineffective assistance of appellate counsel in failing to raise a "breach of plea agreement" objection on appeal did not prejudice Clayton and his first claim for relief is denied.

**B. The Base Offense Level and Sentencing Guidelines Range Calculations Did Not Affect Defendant's Sentence**

Second, Defendant argues that counsel failed to object on appeal to the base offense level and sentencing guidelines range calculations adopted by the Court during the sentencing hearing. ECF No. 284 at 11–13. Defendant again insists that he pled guilty to only attempted sex trafficking under 18 U.S.C. § 1594(a), "and as such, his base offense level beg[i]ns at 24. If all the enhancements applied his sentencing guideline would fall between 324-months to 405-months. . . . Moreover, without the enhancements Clayton's guideline would fall as low as 100-125 month's[sic]." *Id.* at 11. As explained above, Clayton knowingly, voluntarily, and intelligently pled guilty to both attempted sex trafficking and sex trafficking and as such, his claim that his base offense level begins at 24 fails. As to Defendant's contention that his guideline range would be lower without the enhancements, Judge Surrick carefully considered Defendant's objections to the presentence investigation report ("PSR") and overruled his objections to the custody, care, or supervisory control enhancement and the repeat and dangerous sex offender enhancement, while determining that Defendant's objections to specific factual allegations and specific offense characteristic enhancements did not affect Defendant's sentence, which was stipulated to in the written plea agreement. ECF No. 217. Because Clayton agreed to a negotiated term of

imprisonment of 180 months when he signed the plea agreement, his claim that the Court adopted an incorrectly calculated base offense level and sentencing guidelines range is a moot point because Judge Surrick sentenced him to the agreed-upon 180 months. Defendant was not prejudiced when his appellate counsel did not raise this issue on appeal. Thus, Defendant's second ineffective assistance of counsel claim fails.

## C. The Third Circuit Has Ruled that the TVPA Is Constitutional

Claims three and four of Defendant's Petition can be grouped together because they both challenge the constitutionality of the criminal statute under which Defendant was convicted. ECF No. 284 at 16–22. Claim three states that appellate counsel failed to object on appeal to the Court's "structural" error in not allowing Clayton to pursue an "as-applied affirmative defense" at trial. *Id.* at 16. When trial began, Clayton sought to defend himself by arguing that the criminal statute he was accused of violating, the Trafficking Victims Protection Act of 2000 ("TVPA"), Pub. L. No. 106–386, 114 Stat. 1464 (codified as amended in various titles of the U.S.C.), was unconstitutional and faulted the Court for prohibiting him from presenting this defense to the jury, contending the Court did so because it erroneously determined that Clayton was not charged with violating the TVPA but rather 18 U.S.C. § 1591. *Id.* In actuality, Judge Surrick did not permit Clayton to raise this affirmative defense at trial because Clayton was—and is—wrong about the law. *See* ECF No. 202 at 6–8. Judge Surrick had explained in multiple Orders that the TVPA is constitutional and does not exceed Congress's powers, and so, "Defendant was . . . forbidden from making these incorrect arguments before the jury in his proposed opening statement slideshow presentation, as such arguments were not within its purview and would only serve to confuse the issues." *Id.* at 8; ECF No. 154 at 2 n.1 ("Every court that has considered whether the TVPA and specifically whether

9

§ 1591's prohibition of interstate (as opposed to international) trafficking is a valid exercise of Congress's authority under the Commerce Clause, has concluded that it is." (collecting cases)).

In a similar vein, the fourth claim of Defendant's Petition states that appellate counsel failed to raise on appeal Defendant's as-applied objection to the constitutionality of the TVPA on separation of powers grounds. ECF No. 284 at 20–22. Defendant acknowledges that Mr. Ortiz did challenge on appeal Judge Surrick's denial of Defendant's motion to dismiss the indictment by arguing that the TVPA is unconstitutional because "Congress does not have the power, nor did it intend in its enactment of . . . 18 U.S.C. § 1591(a)(1) to infringe on wholly domestic criminal activity." *Clayton*, 2024 WL 4371532, at *2 (citing Appellant Br. 9). The Third Circuit rejected this argument, holding that 18 U.S.C. § 1591, which was enacted as part of the TVPA, "is a valid exercise of Congress's commerce clause power, and the statute is constitutional as applied to Clayton's domestic conduct, which included transporting minors across state lines." *Id.* Despite the fact that his counsel did raise the issue of the constitutionality of the TVPA on appeal to the Third Circuit, Clayton claims in his Petition that Mr. Ortiz's argument was "faulty" and did not address whether the Department of Justice has the authority to expand the scope and reach of a congressional statute. ECF No. 284 at 20. Clayton's argument in the Petition is difficult to follow but seems to assert that "Congress expressly delegated the authority to implement" the TVPA to the Department of State. *Id.* Given that the Third Circuit has already upheld Clayton's conviction under the TVPA, the question of which executive department has authority to implement the TVPA is a non-issue here. Accordingly, Defendant's ineffective assistance of counsel claims pertaining to the constitutionality of the TVPA are unavailing.

10

### D. The Special Conditions Imposed for Supervised Release Are Reasonably Related to the Sentencing Factors

Defendant's fifth claim in his Petition states that appellate counsel failed to raise on appeal Defendant's objections to the imposition of special conditions for supervised release. *Id.* at 24–25. At the sentencing hearing, Judge Surrick imposed the following specific conditions for the term of supervised release:

a) Defendant shall permit the U.S. Probation Office to examine, during his supervision, his computer or computer devices. Defendant shall submit his computer for examination as requested by the Probation Office.

b) Defendant shall report to the U.S. Probation Office any regular contact that he has with children of either sex under the age of 18. Defendant shall not obtain employment or perform volunteer work which includes regular contact with children under the age of 18.

c) Defendant must participate in a sex offender program for evaluation and treatment, as directed by the Probation Office.

d) Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901, et seq.

ECF No. 250 at 31. Clayton takes issue with the imposition of these special conditions because he claims that Judge Surrick imposed the conditions "without providing a basis for the imposition of these special conditions and no supporting facts for such an imposition." ECF No. 284 at 24. Clayton is correct that special conditions imposed for supervised release must be "reasonably related to the factors set forth in section 3553" and "involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553[.]" 18 U.S.C. § 3583(d)(1)–(2). The relevant sentencing factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct," the need "to protect the public from further crimes of the defendant," and the need "to provide the defendant with . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D).

11

All of the conditions listed above are "reasonably related" to the sentencing factors and Judge Surrick clearly laid out a sound basis for imposing these conditions:

> In looking at Mr. Clayton, he does have a criminal history. He has at least ten prior adult offenses. . . . I have to impose a sentence . . . that deters Mr. Clayton and others, from engaging in this kind of conduct, that protects the public and that provides rehabilitation, as necessary. . . . In looking at you and your history, I hope it prevents you from getting involved in future criminal activity. . . . It protects the public and it will provide some rehabilitation.

ECF No. 250 at 30. The plea agreement Clayton signed stipulates that he is required to comply with the requirements of SORNA, ECF No. 177 at 5, which is one of the special conditions of his supervised release. The other conditions aim to deter future criminal conduct, protect the public, and provide rehabilitation, as noted by Judge Surrick during the sentencing hearing. Moreover, the facts admitted to by Defendant during the change of plea hearing supports the imposition of these conditions. Specifically, Clayton admitted to posting advertisements on the internet for sexual services of minors and transporting and harboring two minors under the age of 18 for the purpose of causing them to engage in commercial sex acts. ECF No. 182 at 15–18. Thus, the special conditions imposed by Judge Surrick for Clayton's term of supervised release relate directly to his convicted offenses and are reasonable and appropriate. Therefore, Clayton's fifth claim for relief fails.

### E. Defendant Was Afforded the Opportunity to State His Objections on the Record at the Sentencing Hearing

Finally, claim six in the Petition states that counsel failed to raise on appeal that Defendant was not afforded his constitutional right to represent himself at sentencing because the Court failed to colloquy Defendant and did not allow him to proceed *pro se* during the sentencing hearing. ECF No. 284 at 26–27. Throughout this case, Defendant repeatedly changed his mind about whether to have counsel represent him or whether to represent himself and Judge Surrick entertained

numerous requests by Defendant to change his representation status. *See, e.g.*, ECF No. 21 (*pro se* motion by Defendant to remove his court-appointed attorney); ECF No. 22 (joint motion by Defendant and counsel to withdraw previous motion to remove counsel); ECF No. 28 (motion by Defendant to proceed *pro se*); ECF No. 43 (motion by Defendant to appoint additional standby counsel); ECF Nos. 96, 130 (*pro se* requests by Defendant to remove standby counsel); ECF No. 143 (Defendant withdrew request to remove standby counsel). By the time of the sentencing hearing, Clayton was very familiar with the intricacies and ramifications of self-representation, as recognized by Judge Surrick:

> Well, certainly Mr. Clayton has been down this road before. He has indicated before that he had wanted to represent himself. We colloquyed him at that time, discussed with him the consequences, the ramifications of doing that, . . . if he intends to represent himself here, I don't believe it's necessary for me to go over again what I've already gone over with him with regard to pro se representation.

ECF No. 250 at 6. And while Clayton asserts that he sought to proceed *pro se* at the sentencing in order to ensure that all of his objections were fully developed on the record and complains that he was not afforded the opportunity to represent himself, ECF No. 284 at 26–27, Judge Surrick did allow Clayton to speak at length during the sentencing hearing, during which time Clayton raised numerous objections to the plea agreement, the constitutionality of the TVPA, and facts stated in the PSR. ECF No. 250 at 13–29. Judge Surrick stated that he had reviewed all of Clayton's *pro se* objections to the PSR and had already overruled them. *Id.* at 5, 6, 29. Because Clayton was permitted to raise all of his concerns at the sentencing hearing, some of which are repeated in the instant Petition, Clayton's claim that appellate counsel was ineffective for not raising the issue of self-representation at sentencing fails.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court will deny Defendant's Petition for a Writ of Habeas Corpus (ECF No. 284). No certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). An appropriate Order will follow.

**BY THE COURT:**

*/s/ Chad F. Kenney*

**CHAD F. KENNEY, JUDGE**